```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :    24-CR-369 (DLI)
        v.                    :
                              :    October 11, 2024
DARNELL JONES,                :
                              :    Brooklyn, New York
            Defendant.        :
                              :
------------------------------X


         TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
             BEFORE THE HONORABLE JAMES R. CHO
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          BREON PEACE, ESQ.
                             U.S. ATTORNEY
                             BY: EMILY DEAN, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             271 Cadman Plaza East
                             Brooklyn, New York  11201




For the Defendant:           RICHARD PALMA, ESQ.
                             225 Broadway, Suite 715
                             New York City, NY 10007





Court Transcriber:           ARIA SERVICES, INC.
                             c/o Elizabeth Barron
                             274 Hovey Road
                             Milo, ME 04463
                             Aria@leinen.net




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE CLERK:  Criminal cause for arraignment
 2   on the indictment, 24-CR-369, United States v. Darnell
 3   Jones.
 4              Counsel, starting with the government,
 5   please state your appearances for the record.
 6              MS. DEAN:  Good afternoon, your Honor.
 7   Emily Dean for the government.
 8              MR. PALMA:  Good afternoon.  For Mr. Darnell
 9   Jones, Richard Palma.
10              THE COURT:  All right, good afternoon,
11   everyone.
12              To confirm, are you Darnell Jones?
13              THE DEFENDANT:  Yes.
14              THE COURT:  I'm Judge Cho.  How are you
15   doing?
16              THE DEFENDANT:  I'm doing all right.
17              THE COURT:  All right.  Let me explain to
18   you what's going to happen today, okay?  The purpose of
19   this proceeding is to make sure you understand your
20   rights, what you've been charged with, and to determine
21   whether you should be released on bail or held in jail.
22              You have the right to remain silent.  You're
23   not required to make any statement.  If you've made a
24   statement, you need not say anything further.  If you
25   start to make a statement in the future, you can stop
```

```
 1  at any time.  Keep in mind that any statement you make
 2  may be used against you.
 3           Do you understand that?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  You also have the right to an
 6  attorney.  If you can't afford one, the Court will
 7  appoint one for you, all right?  I have in front of me
 8  a financial affidavit.  Based on the information set
 9  forth in here, I will go ahead and appoint counsel for
10  you, okay?
11           THE DEFENDANT:  Okay.
12           THE COURT:  Mr. Palma, do you accept that
13  appointment?
14           MR. PALMA:  Of course I do, and thank you
15  very much.
16           THE COURT:  All right.  So I'll go ahead and
17  appoint Mr. Palma to represent you in this matter, Mr.
18  Jones.
19           THE DEFENDANT:  Yes.
20           THE COURT:  You have been charged by a grand
21  jury with the following charges set forth in an
22  indictment:  Count 1, wire fraud conspiracy; Count 2,
23  aggravated identity theft; Count 3, a felon in
24  possession of firearms and ammunition; and there are
25  forfeiture allegations as well.
```

```
 1               Mr. Jones, have you received a copy of this
 2   indictment or has your attorney shared it with you?
 3               THE DEFENDANT:  Yes.
 4               THE COURT:  All right.  Have you had a
 5   chance to discuss these charges with your lawyer?
 6               THE DEFENDANT:  Yes.
 7               THE COURT:  Do you understand the basic
 8   nature of the charges against you?
 9               THE DEFENDANT:  Yes.
10               THE COURT:  All right, Mr. Palma, at this
11   time, does your client want the charges read out loud
12   or does he waive reading?
13               MR. PALMA:  He'll waive the public reading,
14   your Honor.
15               THE COURT:  Mr. Jones, at this time, how do
16   you plead to the charges, guilty or not guilty?
17               THE DEFENDANT:  Not guilty.
18               THE COURT:  All right.  I assume we don't
19   need consular notification in this case, correct?
20               MS. DEAN:  I'm sorry, what notification?
21               THE COURT:  We don't need consular
22   notification in this case, correct?
23               MS. DEAN:  No, your Honor.
24               THE COURT:  Let me give the government some
25   warnings.  You can remain seated during this
```

1  conference.  Pursuant to Federal Rule of Criminal
2  Procedure 5(f), I remind the government of its
3  obligation under Brady v. Maryland and its progeny to
4  disclose to the defense all information known to the
5  government, whether admissible or not, that is
6  favorable to the defendant and material either to guilt
7  or to punishment.
8           The government must make good-faith efforts
9  to disclose such information to the defense as soon as
10 reasonably possible.  I will be entering an order that
11 more fully describes this obligation and the possible
12 consequences of failing to meet it, and I direct the
13 government to review and comply with that order.
14          Does the government confirm that it
15 understands its obligations and will fulfil them?
16          MS. DEAN:  I understand and I will comply,
17 your Honor.
18          THE COURT:  All right.  Is there a bail
19 application today, Mr. Palma?
20          MR. PALMA:  No, your Honor.
21          THE COURT:  All right.  Ms. Dean, are you
22 seeking detention?
23          MS. DEAN:  Yes, your Honor.
24          THE COURT:  What's the basis for the
25 request?

1        MS. DEAN:  The government is seeking
2   detention under 18 USC 3142(f)(1)(A) and also (f)(2)(A)
3   related to the fact that there are no condition, nor
4   combination of conditions that could secure this
5   defendant's return to court and also protect the
6   community successfully from this defendant's criminal
7   activity.  Your Honor, I'll lay the foundation for that
8   based on the case and what we know about the defendant.
9        THE COURT:  Go ahead.
10       MS. DEAN:  Okay.  Just for some background
11  on the defendant, your Honor, the defendant is a member
12  of the Brooklyn-based 90 Gang, which is a violent
13  street gang that operates out of East New York and is
14  concentrated around the Pink Houses.  This gang has
15  committed murders, commits shootings, commits large-
16  scale financial fraud, in which this defendant is
17  deeply involved and is charged with that fraud in this
18  indictment.
19       That fraud amounts to over a million
20  dollars, your Honor, that the evidence shows in this
21  case, and the defendant -- his conspiracy to commit
22  wire fraud has victimized hundreds of people through
23  unemployment fraud, Covid-related unemployment fraud,
24  and other types of related fraud.  The defendant
25  commits this fraud with other gang members associated

with the 90 Gang and with other people.

Also, the defendant in this indictment is charged with weapons possession. This relates to two weapons specifically that he kept in a home shared with another 90 Gang member. These weapons both had laser-beam sights on them that are used to make sure to hit a target most accurately, and these weapons were used and shared amongst gang members.

Now, I'll start with the risk of flight in this case. Your Honor, you know a little now about the underlying evidence of the defendant's current charges. He's facing 30 years on Count 1 as it is a Cares Act-related crime under the wire fraud conspiracy charge. He's facing a mandatory minimum of 2 years on Count 2, and he absconded from parole in April of 2021. There was a parole warrant issued for him on April 12th of 2021, and this gets us into his prior criminal history a little bit because he has a prior conviction for criminal possession of a weapon in the fourth degree, which is a misdemeanor. But he was on parole for a prior conviction for attempted assault in the first degree. That was for a gang-related shooting he committed when he shot a victim in the leg, breaking his leg.

Now, while he was on parole in April -- I

1  think it was April 5th specifically -- he did not
2  respond to his parole officer.  He did not -- he did
3  not attend an appointment with his parole officer, nor
4  did he answer the phone.  After that, his parole
5  officer was unable to locate him for years.  Brooklyn
6  North Warrants as well as DOCCS Warrants attempted in
7  numerous ways to try to locate him, including through
8  the mother of his children, with whom he is in touch,
9  who denied having any information about his
10 whereabouts, other family members as well, known
11 addresses for him.
12             And the defendant during that time period
13 was in numerous different states, used numerous
14 different phone numbers, dropped phone numbers, used
15 multiple numbers at a time.  The defendant also has
16 multiple aliases.  He has fake identifications,
17 including fake identification with his own photograph
18 on it, photographs of which were recovered during a
19 search warrant on an address that he had lived at,
20 where those guns were found, your Honor.  He dropped
21 his social media accounts and went through great
22 lengths to be successful in this parole absconsion
23 until today, your Honor.
24             So, your Honor, as you can see, the risk of
25 flight is very great in this case.  He in fact has been

1   in the process of flight from parole for several years.
2   He also while on parole had his parole revoked twice.
3   He had DOCCS -- the DOCCS investigator reported 17
4   different attempts to apprehend him, most recently a
5   search for him on June 25th of 2024, and during this
6   time, he was unable to be located.
7           Now, he was located in relation to this
8   arrest through phone work, your Honor, being able to
9   locate a current phone number, which was difficult as
10  he changes phone numbers frequently, and ultimately
11  tracking his phone to a location on Long Island.  That
12  being said, he has had -- he is transient.  He has been
13  in multiple states and is not tied to the district
14  because of his absconsion from parole in part.
15          Also, your Honor, the weight of the evidence
16  in this case, where just as a sample of the
17  government's evidence, there are text messages between
18  the defendant and another gang member where he is
19  detailing having obtained personal identifying
20  information from victims, using it, and then
21  distributing it to one of his coconspirators for them
22  to use, and letting him know which ones he has used to
23  commit fraud and which ones his coconspirator should
24  use.  This is spelled out in his own words from one of
25  his own phones.  There's also significant financial

```
 1  records in this case tying the defendant to the
 2  fraudulent scheme.
 3              I'll turn just very briefly, your Honor, to
 4  dangerousness.  I've already mentioned the history of
 5  gang activity, which includes violence committed by the
 6  gang and use of weapons by the gang, with which this
 7  defendant was involved.  And the financial fraud, your
 8  Honor, while not violent is extremely dangerous to the
 9  community.  The defendant was purchasing people's
10  identities and handing them out to his coconspirators.
11  This ruins people's financial future and it can ruin
12  lives, your Honor, and there is evidence in this case
13  of continued criminal activity, continued fraud, up
14  until the time of his apprehension.  So with that, we
15  do ask for detention in this case.
16              THE COURT:  All right.  Mr. Palma, I know
17  you're not presenting a bail package today.  Is there
18  anything you want to add at this time?
19              MR. PALMA:  Not at this time, your Honor,
20  thank you.
21              THE COURT:  Okay.  I do have the report from
22  Pretrial Services as well.  Does Pretrial want to be
23  heard?
24              PRETRIAL SERVICES:  Nothing from Pretrial,
25  your Honor.
```

```
 1              THE COURT:  All right.  Given the nature of
 2  the offense in this case and the defendant's history of
 3  parole violations, and also in light of the fact that
 4  no bail package has been presented, I will enter an
 5  order of detention at this time.  But I want Mr. Jones
 6  to know that at any point in time, you can renew an
 7  application for bail, okay?
 8              THE DEFENDANT:  Okay.
 9              THE COURT:  Anything else for the government
10  today?
11              MS. DEAN:  Yes, your Honor.  We have a date
12  from Judge Irizarry's court for the first status
13  conference of October 28th at 11:45 a.m.  The government
14  is requesting an order of excludable delay from today
15  until October 28th to begin discovery, turn discovery
16  over to the defense, allow for the defense to review
17  that discovery, and also to begin plea negotiations.
18              THE COURT:  Understood. Have you discussed
19  this request with defense counsel?
20              MS. DEAN:  I have not, although we did
21  discuss the review of discovery in the meantime.
22              MR. PALMA:  Can I have a moment to explain
23  this to my client?
24              THE COURT:  Sure, go ahead.
25              (Mr. Palma is conferring with the
```

```
 1   defendant.)
 2              MR. PALMA:  I explained to my client his
 3   speedy trial rights and he will waive -- he'll exclude
 4   -- he'll agree to the exclusion of time between now and
 5   October 28th.
 6              THE COURT:  All right.  Why don't go ahead
 7   and take a minute to fill out the form then, okay?
 8              MS. DEAN:  Thank you, your Honor.
 9              (Pause in proceedings.)
10              THE COURT:  Mr. Palma --
11              MR. PALMA:  Yes.
12              THE COURT:  Have you discussed with your
13   client the matter of excluding time?
14              MR. PALMA:  Yes, I have, extensively.
15              THE COURT:  All right.  And do you believe
16   it's in your client's best interest to exclude time?
17              MR. PALMA:  Yes, I do, for sure.
18              THE COURT:  As you mentioned a minute ago,
19   the basis for the reason for the exclusion is potential
20   plea negotiations, is that correct?
21              MR. PALMA:  Yes, and also to review
22   discovery.
23              THE COURT:  All right.  Let me turn to you
24   now, Mr. Jones.  I have in front of me an application
25   and order of excludable delay.  Just to confirm, is
```

```
 1  this your signature on the form that you just signed?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  All right.  Have you discussed
 4  this application with your lawyer?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  Do you know what you are
 7  agreeing to by consenting to this application?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  I want to make sure you
10  understand what you are agreeing to by consenting to
11  this order.  Under the Constitution and laws of the
12  United States, a defendant in a criminal case is
13  entitled to a speedy trial.  Specifically, by statute,
14  a trial must begin within 70 days of either the
15  unsealing of the indictment or the defendant's first
16  appearance in the district of prosecution, with certain
17  periods of time excluded from that 70-day calculation.
18  If trial does not begin within the 70 days, that could
19  form the basis for a motion to dismiss the charges
20  against you.
21              By agreeing to exclude time from today,
22  October 11th, until October 28th from the 70-day
23  calculation, you are in effect agreeing that the speedy
24  trial clock will not be running at all during that
25  period of time.  Therefore, if I approve this exclusion
```

```
 1  and if you later made a motion to dismiss the charges
 2  on the grounds that you had not been brought to trial
 3  within 70 days, you would not be permitted to take into
 4  account in your calculation the period of time from
 5  today, October 11th, until October 28th, 2024.
 6              Do you understand all of that?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  All right.  Now, if you choose
 9  to persist in your not guilty plea and you go to trial,
10  as you have an absolute right to do, you could end up
11  spending additional time in jail awaiting trial.
12              Do you understand that?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Understanding what I've just
15  said, do you still want me to approve this order of
16  excludable delay?  Do you want me to approve the
17  application?
18              THE DEFENDANT:  Yes.
19              THE COURT:  All right.  And are you making
20  this decision voluntarily and of your own free will?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Have any promises or threats
23  been made to you to get you to agree to this
24  application?
25              THE DEFENDANT:  No.
```

1    THE COURT:  I find at this time that the
2 defendant Mr. Jones' consent is knowing, intelligent,
3 and voluntary, and that excluding the specified period
4 of time serves the public interest, so I'll go ahead
5 and approve the order of excludable delay.
6           Ms. Dean, anything else for the government
7 today?
8           MS. DEAN:  Nothing from the government,
9 thank you, your Honor.
10          THE COURT:  Mr. Palma?
11          MR. PALMA:  Nothing, your Honor.  Thank you
12 very much for your time.
13          THE COURT:  All right, we are adjourned.
14 Have a nice day, everyone.
15                  * * * * * *
16
17
18
19
20
21
22
23
24
25

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18     I certify that the foregoing is a correct
19   transcript from the electronic sound recording of the
20   proceedings in the above-entitled matter.
21
22
23   [signature]
24
25   ELIZABETH BARRON                        April 4, 2025
```